**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Anna Gobble, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   14 C 7700 |
| | ) | |
| Halsted Financial Services, LLC, an | ) | |
| Illinois limited liability company, and | ) | |
| JH Portfolio Debt Equities, LLC, a | ) | |
| California limited liability company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Anna Gobble, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) most of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.      Plaintiff, Anna Gobble ("Gobble"), is a citizen of the State of Virginia, from whom Defendants attempted to collect delinquent consumer debts owed for Aspire and Tribute credit cards, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debts and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities

program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, Halsted Financial Services, LLC ("Halsted"), is an Illinois limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  From its offices in Skokie, Illinois, Halsted operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Halsted was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant, JH Portfolio Debt Equities, LLC ("JH Portfolio"), is a California limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  JH Portfolio operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant JH Portfolio was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.     Defendant JH Portfolio is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors.

7.     Defendants Halsted and JH Portfolio are each authorized to conduct business in Illinois, and maintain registered agents here, <u>see</u>, records from the Illinois

Secretary of State, attached as Group Exhibit A.  In fact, Halsted and JH Portfolio both conduct business in Illinois.

8. Defendants Halsted and JH Portfolio are each licensed as debt collection agencies in the State of Illinois.  See, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B.  In fact, Halsted and JH Portfolio both act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Gobble is a senior citizen with limited assets and income, who, during 2008, fell behind on paying her bills.  At some point in time, Defendant JH Portfolio bought Ms. Gobble's Aspire and Tribute credit card debts after she defaulted on these debts, and when Defendant JH Portfolio began trying to collect them from Ms. Gobble, by sending her collection letters dated, September 23, 2010, demanding payment of the Aspire and Tribute credit card debts, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.  Copies of these letters are attached as Group Exhibit C.

10. On November 2, 2010, one of Ms. Gobble's attorneys at LASPD twice informed Defendant JH Portfolio, through its collection agent and sister company, Credit Control, in writing, that Ms. Gobble was represented by counsel, and directed Defendant JH Portfolio to cease contacting her, and to cease all further collection activities because Ms. Gobble was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of these letters and fax confirmations are attached as Group Exhibit D.

11.     Nonetheless, Defendant JH Portfolio sent collection letters, dated November 4, 2010, directly to Ms. Gobble, which continued to demand payment of the Aspire and Tribute credit card debts.  Copies of these letters are attached as Group Exhibit E.

12.     Accordingly, on November 28, 2010, Ms. Gobble's LASPD attorney had to send Defendant JH Portfolio additional letters, directing them to cease communications and to cease collections.  Copies of these letters and fax confirmations are attached as Group Exhibit F.

13.     Ms. Gobble then filed a lawsuit against Defendant JH Portfolio and Credit Control for their violations of the FDCPA on December 20, 2011, in a matter styled Gobble v. Credit Control and JH Portfolio, No. 10 C 8046 (N.D. Ill.).  This lawsuit was thereafter resolved via a Settlement Agreement and Release on January 4, 2011, which, in part, provided that Ms. Gobble no longer owed the Aspire and Tribute credit card debts.

14.     Unbelievably, either Defendant JH Portfolio hired Defendant Halsted to collect the debt, or sold the debt to some unidentified third party, because on June 2, 2014, Defendant Halsted sent Ms. Gobble collection letters demanding payment of the Aspire and Tribute credit card debts.  These letters stated, in pertinent part:

* * *

> Failure to respond to this notice by 6/27/2014 will result in your account being sent back to our client to proceed against you with further collection activity.

* * *

Copies of these letters are attached as Group Exhibit G.

15.     Not only are the debts at issue no longer owed due to the prior settlement,

4

they are also time-barred by the relevant statute of limitation for Plaintiff Ms. Gobble in the State of Virginia (3 years for an unwritten contract and 5 years for a written contract) for the collection of credit card debts.

16. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

17. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communication And Cease Collections**

18. Plaintiff adopts and realleges ¶¶ 1-17.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

20. Here, the letters from Ms. Gobble's agent, LASPD, as well as the lawsuit and Settlement Agreement and Release, told Defendants to cease communications and to cease collections. By continuing to communicate regarding these debts and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

21. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

22.     Plaintiff adopts and realleges ¶¶ 1-17.

23.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows that the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

24.     Defendants knew that Ms. Gobble was represented by counsel in connection with her debt because her attorneys at LASPD had informed Defendants, in writing, that she was represented by counsel, and had directed Defendants to cease directly communicating with Ms. Gobble; moreover  Defendants knew that Ms. Gobble was represented by an attorney as a result of the lawsuit and the Settlement Agreement and Release,.  By directly sending Ms. Gobble the June 2, 2014 letters, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

25.     Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

**COUNT III**
**Violation Of § 1692e(5) Of The FDCPA –**
**Threatening/Taking Actions That Can Not Be Legally Taken**

26.      Plaintiff adopts and realleges ¶¶ 1-17.

27.     Section 1692e(5) of the FDCPA prohibits debt collectors from threatening to take actions that cannot legally be taken in connection with the collection of a debt,

see 15 U.S.C. § 1692e(5).

28. Attempts by debt collectors to collect time-barred debts have been widely held to violate § 1692e of the FDCPA. See, Phillips v. Asset Acceptance, 736 F.3d. 1076, 1079 (7th Cir. 2013); and, McMahon v. LVNV Funding, 2014 U.S. App. LEXIS 4592 (7th Cir. 2014).

29. Defendants' June 2, 2014 letters threatened to take an action that could not be legally taken when it stated that "Failure to respond to this notice by 6/27/2014 will result in your account being sent back to our client to proceed against you with further collection activity". No further collection action could be taken on Ms. Gobble's alleged debts because those accounts were resolved via a Settlement Agreement and Release and were time-barred.

30. By demanding payment of time-barred debts, and threatening consequences if the debts were not paid, Defendants took, or threatened to take, actions that they could not legally take and/or otherwise made deceptive or misleading statements, in violation of § 1692e of the FDCPA.

31. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT IV**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

32. Plaintiff adopts and realleges ¶¶ 1-17.

33. Section 1692f of the FDCPA prohibits a debt collector from using any

unfair or unconscionable means to collect or attempt to collect a debt, <u>see</u>, 15 U.S.C. § 1692f.

34. Defendants, by sending letters to Ms. Gobble to collect on a debt which is both time-barred and was released via a Settlement Agreement, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

35. Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

**COUNT V**
**Violation Of § 1692d Of The FDCPA --**
**Harassment Or Abuse**

36. Plaintiff adopts and realleges ¶¶ 1-17.

37. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt, <u>see</u>, 15 U.S.C. § 1692d.

38. Defendants, by sending letters to Ms. Gobble to collect on a debt which is both time-barred and was released via a Settlement Agreement, engaged in conduct, the natural consequence of which is to harass, oppress or abuse her, in violation of § 1692d of the FDCPA.

39. Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Anna Gobble, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Gobble, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Anna Gobble, demands trial by jury.

                Anna Gobble,

                By: /s/ David J. Philipps
                One of Plaintiff's Attorneys

Dated: October 2, 2014

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com